01
02
03
04

05              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
06                      AT SEATTLE

07  ALAN DORENBOS,                      )   CASE NO.: C07-0492-RSM
                                        )
08          Petitioner,                 )
                                        )
09      v.                              )   REPORT AND RECOMMENDATION
                                        )
10  ATTORNEY GENERAL OF THE             )
    STATE OF WASHINGTON,                )
11                                      )
            Respondent.                 )
12  _____)

13              INTRODUCTION AND SUMMARY CONCLUSION

14      Petitioner Alan Dorenbos brings this action under 28 U.S.C. § 2254 to challenge his 1992

15  King County Superior Court conviction for second degree murder. Respondent has filed an

16  answer to the petition in which he asserts that this Court lacks jurisdiction over petitioner's federal

17  habeas petition. Following a careful review of the briefs of the parties, and the balance of the

18  record, this Court concludes that because petitioner is no longer in custody, petitioner's petition

19  should be dismissed, with prejudice, for lack of subject matter jurisdiction.

20                          BACKGROUND

21      In October 1992, petitioner was found guilty, following a jury trial, on one count of

22  murder in the second degree in violation of RCW 9A.32.050(1)(a). (Dkt. No. 11, Ex. 1 at 1.) In

REPORT AND RECOMMENDATION
PAGE -1

December 1992, petitioner was sentenced to a term of 164 months confinement. (*Id.*, Ex. 1 at 3.) Petitioner was also sentenced to serve a term of community placement following his release from confinement. (*Id.*, Ex. 1 at 6.) Petitioner was released from confinement in April 2004, to begin serving his term of community placement. (*Id.*, Ex. 2 at 1.) Petitioner completed his term of community placement in April 2006. (*Id.*, Ex. 3.) Petitioner filed the instant federal habeas petition in April 2007.[1] (*See* Dkt. No. 1.)

## GROUNDS FOR RELIEF

Petitioner identifies a single ground for relief in his federal habeas petition:

> [T]he defendant was denied the due process protections of the 5th and 14th Amendments when the State falsified irreplaceable material exculpatory evidence and committed misconduct by allowing the jury to hear fraudulent, tampered evidence.

(*See* Dkt. No. 1, Attachment to Petition at 1.)

## DISCUSSION

Respondent asserts that this Court lacks subject matter jurisdiction over petitioner's federal habeas petition because petitioner is no longer "in custody" for purposes of federal habeas review. The record supports this assertion.

Subject matter jurisdiction under 28 U.S.C. § 2254 is limited to those persons "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). Once a petitioner's sentence has fully expired, he is precluded from challenging that sentence because he is no longer "in custody" for purposes of federal habeas

---

[1] This is petitioner's third federal habeas petition. Two previous petitions were dismissed, without prejudice, for failure to exhaust state court remedies. (*See* C00-839-TSZ and C03-2984-JCC.)

review. *Maleng v. Cook*, 490 U.S. 488, 492 (1989). The collateral consequences of an expired conviction, while sufficient to preclude mootness, are not sufficient to satisfy the "in custody" requirement of § 2254. *Feldman v. Perrill*, 902 F.2d 1445, 1448 (9th Cir. 1990)(citing *Maleng v. Cook*, 490 U.S. at 492). *See also, Carafas v. LaVallee*, 391 U.S. 234 (1968).

The "in custody" requirement of § 2254 may be met even if the petitioner is not physically confined. *Dow v. Circuit Court of the First Circuit*, 995 F.2d 922, 923 (9th Cir. 1993), citing *Jones v. Cunningham*, 371 U.S. 236, 239-40 (1963). *See Jones*, 371 U.S. at 240-43 (parole tantamount to custody); *Hensley v. Municipal Court*, 411 U.S. 345, 348-49 (1973)(release on personal recognizance pending appeal satisfies "in custody" requirement); *Dow*, 995 F.2d at 923 (mandatory attendance at alcohol rehabilitation program satisfies in custody requirement); *Barry v. Bergen County Probation Department*, 128 F.3d 152 (3rd Cir. 1997)(community service obligation rendered petitioner "in custody" for purposes of habeas statute). However, in order to satisfy the custody requirement, the "petitioner must demonstrate that he is subject to a significant restraint upon his liberty 'not shared by the public generally'" *Dow*, 995 F.2d at 923, quoting *Jones*, 371 U.S. at 240.

The record makes clear that petitioner has served his prison term and has completed his term of community placement. Petitioner has not identified any collateral consequences of his conviction which are sufficient to render him "in custody" for purposes of federal habeas review.

## CONCLUSION

Petitioner fails to demonstrate that he is subject to any form of restraint sufficient to constitute custody for purposes of federal habeas review. Accordingly, this Court recommends that petitioner's federal habeas petition be dismissed, with prejudice, for lack of subject matter

01  jurisdiction.  A proposed order accompanies this Report and Recommendation.

02  DATED this 24th day of October, 2007.

04  /s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4